UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW G. LYLE                          CIVIL ACTION

VERSUS                                  NO: 05-3265

SHELL EXPLORATION AND                   SECTION: "J" (3)
PRODUCTION COMPANY, ET AL.

**ORDER**

Before the Court is Defendant, Shell Exploration and Production Company's (SEPCO) Motion for Summary Judgment. (Rec. Doc. 41). Defendant filed its motion on April 28, 2008 and set it for hearing on May 14, 2008. The local rules require that the any opposition must have been filed no later than May 7, 2008. To date, no opposition has been filed into the record.

Plaintiff filed suit *pro se* nearly three years ago on July 28, 2005. In his complaint, he alleges that he had sustained methanol poisoning which resulted from his exposure to methanol for twenty days in July, 2004. At the time of his alleged exposure, Plaintiff was employed by Danos & Curole and was working on a fixed offshore platform located on the Outer Continental Shelf off the coast of Louisiana.

After filing suit, Plaintiff attempted to find an attorney. Mr. Kenneth Beck appeared on behalf of the Plaintiff at the

Preliminary Pre-Trial conference on March 28, 2007.  In November, 2007, Defendant took the deposition of the Plaintiff.  At this deposition, Plaintiff testified that he had no lab results showing an exposure to toxins, and that he was unaware of anyone else who worked on the platform at the time in question having experienced any symptoms related to exposure.  (Rec. Doc. 41-2, at 3).  He further testified that that his previous medical history could have accounted for the medical complaints he now has, and that he had been complaining of the same symptoms for six months prior to his alleged exposure.  *Id.*

Shortly after the Plaintiff's deposition, Mr. Beck notified Defendant that he would no longer be representing the Plaintiff.  *Id.*  However, Mr. Beck has not filed a motion to withdraw as counsel and is still listed as counsel of record.

A plaintiff in a tort case must prove every element of his case including medical causation.  *Lasha v. Olin Corp.*, 625 So. 2d 1002 (La. 1993).  In a toxic tort case, like this one, the Plaintiff must prove both general causation and specific causation.  *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).  Defendant claims that Plaintiff has not proven general causation.  Defendant notes that exposure to methanol is known to cause blindness, but asserts that there is no evidence that it causes the maladies that Plaintiff complains

2

of.  In the absence of meaningful opposition, Defendant's contention is well taken.  Plaintiff has not met his burden to come forward with evidence to support his claim.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 41) is **GRANTED**.

New Orleans, Louisiana this the 22nd day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE